### West Chicago Street Railroad Co. v. John I. Sullivan, by his Next Friend, Michael J. Sullivan.

1. NEGLIGENCE AND ORDINARY CARE—*Questions for Jury.*—The questions of negligence and exercise of ordinary care, including such care as is to be expected from a child of the age of eight years, are for the determination of the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

### STATEMENT OF THE CASE.

This is an action by John I. Sullivan, in the name of his next friend, Michael J. Sullivan, to recover damages for personal injuries alleged to have been sustained through the negligence of the West Chicago Street Railroad Company. The declaration alleges that on February 4, 1892, the defendant operated a line of horse cars on Van Buren street, in the city of Chicago, and that the plaintiff, a boy eight years of age, was traveling north on Aberdeen street, at the intersection of that street with Van Buren street; that it then and there became the duty of the defendant's servants to so manage said car as to enable the plaintiff to cross Van Buren street, and to use due care and diligence to avoid coming into collision with the plaintiff as he was in the act of crossing Van Buren street; that the defendant did not observe its duty in the premises, and negligently failed to observe the plaintiff as he was in the act of crossing Van Buren street, and drove its horses at a rapid speed, whereby the plaintiff was thrown with great violence to the ground, and dragged a long distance, and sustained such injury to one of his arms that it was thereafter amputated. At the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at the sum of $8,000. Judgment having been entered upon this verdict, the defendant appeals.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

SCANLAN, McGAFFEY & MASTERS, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this action it appeared that February 4, 1892, the plaintiff, then eight years of age, running north on Aberdeen street, at the crossing of that street with Van Buren, ran into, or was struck by, the forward part of one of a pair of horses going eastward and drawing a street car belonging to appellant.

As a consequence of the collision, the plaintiff was run over by the car, and one of his arms was so injured as to necessitate its amputation.

From a reading of the record here presented, it seems to us that the accident was not the result of any negligence on the part of appellant, unless it be negligence for it to drive at a trot its car horses over a street crossing, or negligence for it to fail to have a fender upon each of its cars that will prevent one from being run over by any of them.

The question of negligence of the defendant was one for the jury to pass upon, as was also the question of the exercise of ordinary care by the plaintiff, that is, such care as is to be expected from one of his age and intelligence. Two juries have passed upon these matters, with the result, in each case, of a finding for the plaintiff. We see no reason for thinking that, considering the parties, a boy who has lost an arm, on the one side, and a great and wealthy corporation on the other, a third jury would arrive at any different result. The evidence is not such that we feel warranted in saying that there is such a preponderance in favor of the defendant that we ought to reverse the judgment rendered.

The remarks of counsel for plaintiff, while drawing an unfair inference, were not such as require action on our part in respect thereto.

The judgment of the Superior Court is affirmed.